UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAIRONY TAVAREZ,

                        Plaintiff,

- against -

BJ'S WHOLESALE CLUB, INC.,

                        Defendant.

**OPINION AND ORDER**

16 Civ. 1780 (ER)

Ramos, D.J.:

       Mairony Tavarez ("Tavarez" or "Plaintiff") brings this diversity action against BJ's Wholesale Club, Inc. ("BJ's" or "Defendant") seeking damages for personal injuries suffered as a result of a slip-and-fall at a BJ's location.[1] *See* Compl. (Doc. 1-4). BJ's now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) contending that there exists no genuine issue of material fact as to whether they had constructive notice of the dangerous condition that caused Plaintiff's fall. *See* Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem.") (Doc. 59).

       For the following reasons, BJ's motion for summary judgment is GRANTED.

---

[1] Plaintiff's Complaint was originally filed in the Supreme Court of New York, Bronx County. The action was removed to this Court on March 11, 2016. *See* Notice of Removal (Doc. 1).

## I. FACTUAL BACKGROUND[2]

### A. The August 11, 2014 Slip-and-Fall

BJ's is a chain of wholesale stores that specializes in the sale of discounted bulk-sized products. Defendant's Rule 56.1 Statement of Undisputed Material Facts ("Def.'s Stmt.") (Doc. 56) ¶ 3. On August 11, 2014[3] at approximately 5:15 p.m., Plaintiff entered the BJ's premises located at 610 Exterior Street, Bronx, New York to shop with her brother, Reynaldo Hernandez ("Hernandez"). Plaintiff's Rule 56.1 Counter-Statement ("Pl.'s Stmt.") (Doc. 65) ¶¶ 8, 10. Plaintiff and Hernandez shopped in the grocery aisles of Defendant's store and then got in line to pay at register 7. *Id.* ¶ 10–11.

After approximately five minutes of waiting in line at register 7, Plaintiff remembered that she needed to buy Sunny Delight juice boxes for her daughter. Def.'s Stmt. ¶ 5. She left Hernandez in line and went to get the Sunny Delight. *Id.* On her way back to the register, Plaintiff slipped and fell on an unknown substance and piece of produce[4] in the electronics aisle, between twenty and thirty feet from the line for register 7. *See id.*; *see also* Pl.'s Stmt. ¶¶ 9, 17. Plaintiff did not see the substance on the floor at any time before she fell, nor was she aware of how long the condition existed prior to her fall. Def.'s Stmt. ¶ 6. Prior to the incident, neither Plaintiff nor Hernandez saw a BJ's employee in the area where the fall occurred. Pl.'s Stmt. ¶ 14. They also did not walk by the area prior to Plaintiff's fall. Def.'s Stmt. ¶ 4. Plaintiff did not

---

[2] The following facts are drawn from Defendant's Rule 56.1 Statement of Undisputed Material Facts ("Def.'s Stmt.") (Doc. 56), Plaintiff's Rule 56.1 Counter-Statement ("Pl.'s Stmt.") (Doc. 65), Defendant's Reply 56.1 Statement ("Def.'s Reply") (Doc. 70), and the parties' supporting submissions. Any citation to the parties' 56.1 Statements incorporates by reference the documents cited therein.

[3] Plaintiff's Rule 56.1 Counter-Statement incorrectly states the date of incident as August 11, 2018. *See* Pl.'s Stmt. ¶ 8. Later in the document, she states the correct date of August 2014. *Id.* ¶¶ 23, 28.

[4] The unknown piece of produce has been alternatively described as a leaf or bunch of grapes. Def.'s Stmt. ¶ 5.

inform the BJ's employees of the presence of the condition before she fell, and she was not aware of any other complaints of the condition. *Id.* ¶ 6.

Approximately five minutes elapsed from when Plaintiff left the register line until the fall occurred, during which time Hernandez did not see any BJ's employees in the aisle where Plaintiff slipped. Pl.'s Stmt. ¶¶ 15, 16. Three minutes after Plaintiff's fall, Hernandez informed a BJ's employee of the incident and Plaintiff's injury. *Id.* ¶ 18.[5] Soon thereafter, Hernandez examined the presence of "decaying fruit and vegetables" on the floor where Plaintiff slipped and took photographs of the condition. *Id.* ¶ 19. As a result of the slip-and-fall, Plaintiff sustained injuries to her right knee and was transported to the hospital via ambulance. *See* Declaration of Ronald Ramo in Opposition to Defendant's Motion to Summary Judgment ("Ramo Decl.") (Doc. 64), Ex. 6, LPMS Incident Report ("Incident Report"), at 1.

**B. BJ's Maintenance Policies**

In August 2014, Joseph Hardy ("Hardy") was the maintenance supervisor at the BJ's location; however, he was not on duty when the incident occurred. Pl.'s Stmt. ¶¶ 20, 25. At his deposition, Hardy did not know if BJ's had a minimum number of maintenance staff required to be on duty at any specific time, but he estimated that there were approximately 5–10 maintenance staff members employed at that BJ's location in August 2014. *Id.* ¶¶ 22, 23. Moreover, at the time of his deposition, Hardy was unaware of the existence of any documents that would identify which maintenance workers were on duty at the time of the fall. *Id.* ¶ 25. Although the maintenance staff did not have specific written assignments, they were tasked to walk through the premises every 10–15 minutes. *Id.* ¶ 27. Non-maintenance BJ's employees were not required to routinely inspect the premises but, if they noticed debris on the floor, they

---

[5] According to Defendant's Incident Report, the first BJ's employee to arrive at the incident was a produce employee named Luis. *Id.* ¶¶ 31–32.

3

were required to clean and report it. *Id*. ¶ 30. According to Zulema Marrero, the asset control manager for the Bronx BJ's location, the maintenance team did not keep records reflecting their inspection schedule or procedures in August 2014. *Id.* ¶ 28.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must

set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57 (1986)).

## III. DISCUSSION

### A. Burden of Proof

It is well-settled that New York state law governs Plaintiff's substantive negligence claim. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the [substantive] law to be applied in any case is the law of the state."). The procedural aspects of the claim, however, are governed by federal law. *See Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (affirming that the New York state summary judgment standard differs from the federal standard, and the federal standard governed by Fed. R. Civ. P. 56 applies in federal court); *see also Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 118 (2d Cir. 2005) (stating that "New York state procedural rules do not apply . . . to a federal court sitting in diversity"); *see also Strass v. Costco Wholesale Corp.,* No. 14 Civ. 06924 (PKC) (VMS), 2016 WL 3448578, at *3 (S.D.N.Y June 17, 2016) (applying federal procedural law to a New York State law negligence claim). At the summary judgment stage, this includes the burden of proof. *Tenay*, 281 F. App'x at 13.

In federal court, a party moving for summary judgment can meet their burden by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. 317). With slip-and-fall cases, the "[d]efendant need not offer any evidence showing that its cleaning and inspection practices would have revealed the existence of a dangerous condition, but must *only* demonstrate that Plaintiff lacks affirmative proof sufficient to

5

establish a genuine issue of fact with respect to the element of notice." *Vasquez v. United States*, No. 14 Civ. 1510 (DF), 2016 WL 315879 (S.D.N.Y Jan. 15, 2016), at *8 (emphasis added); *see also Strass*, 2016 WL 3448578, at *3 ("Defendant can meet its burden on summary judgment in federal court by pointing to *Plaintiffs'* inability to prove at trial that Defendant created or had actual or constructive notice of the allegedly hazardous condition.").

Accordingly, in order for BJ's to prevail on their motion, they need only demonstrate that Plaintiff lacks affirmative evidence to prove at trial that BJ's had notice of the dangerous condition.

## B. Constructive Notice

Liability for negligence is governed by New York State law, which requires the "plaintiff [to] demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)).[6] To properly demonstrate breach of duty in premises liability and slip-and-fall cases, the plaintiff must show that the defendant either created the dangerous condition that caused the fall or had actual or constructive notice of the condition and failed to remedy it. *Feis v. United States*, 484 F. App'x 625, 628 (2d Cir. 2012) (quoting *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 619 N.Y.S.2d 760, 761 (2d Dep't 1994)). However, "[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Lacey v. Target Corp.*, No. 13 Civ. 4098 (RML), 2015 WL 2254968 (E.D.N.Y. May 13, 2015), at *4 (quoting *Segretti v. Shorenstein Co., East L.P.*, 682 N.Y.S.2d 176, 178 (1st Dep't 1998)).

---

[6] Here, the parties do not dispute whether there was a duty owed by Defendant to Plaintiff, nor whether Plaintiff suffered an injury. Accordingly, the Court only examines the second factor of the negligence analysis—breach of duty.

6

Here, Plaintiff does not contend that BJ's created or had actual notice of the dangerous condition that caused her injury. Rather, she alleges that the evidence on the record creates an inference that BJ's had constructive notice of the condition and should have rectified it. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Summary Judgment ("Pl.'s Mem.") (Doc. 66) at 2–3. Under New York law, "[c]onstructive notice can be shown by testimony that a condition is 'visible and apparent' and has existed 'for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" *Heit v. Supermarkets Gen. Corp.*, No. 93 Civ. 6871 (JFK), 1995 WL 559489, at *1 (S.D.N.Y. Sept. 20, 1995) (quoting *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 838 (1986)). In order to establish constructive notice, the plaintiff must show that the defendant had "knowledge of the particular dangerous condition" and more than a "mere general awareness that a dangerous condition may be present." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 193 (S.D.N.Y. 2004) (internal quotations and citations omitted). Moreover, a constructive notice analysis "turns on the facts of each case," but "the inquiry is guided by the principle that constructive notice of a *particular* condition is inextricably intertwined with the concept of foreseeability." *Id*. at 194 (citing *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997)).

    **i.**    *Visible and Apparent*

Both parties agree that the condition was "visible and apparent." Plaintiff, Hernandez, and a BJ's employee saw the condition subsequent to the fall. *See* Pl.'s Stmt. ¶¶ 18–19. Moreover, Hernandez took photographs of the condition which depicted "decaying and discolored vegetation in a wet spot on the floor." Pl.'s Mem. at 3. This evidence is sufficient to establish a "visible and apparent" condition. *See Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 321

(E.D.N.Y. 2014) (observance of the condition subsequent to a fall plus photographs of the condition establish the "visible and apparent" requirement).

Accordingly, the Court now turns to the issue of whether there exists a genuine issue of material fact regarding the length of time that the dangerous condition existed.

ii.   *Sufficient Length of Time*

Defendant contends that there exists no genuine issue of material fact as to whether this particular dangerous condition existed for a sufficient length of time. Def.'s Mem. at 5–6. In support of this contention, Defendant relies on Plaintiff's deposition, during which she testified that she did not see any liquid or produce on the floor prior to the fall. *Id.*; *see also* Affirmation of Demi Sophocleous in Support of Defendant's Motion for Summary Judgment ("Sophocleous Aff.") (Doc. 60), Ex. F, Deposition Transcript of Mairony L. Tavarez ("Pl. Dep."), at 31:20–32:7, 48:23–49:10. Moreover, she was unaware of how long the liquid and produce were on the floor before the accident occurred or how they got there. *Id.*; *see also* Pl. Dep. at 48:23–49:10. In order to establish constructive notice, there must be evidence on the record establishing "either how the substance got there or how long it was there before the fall." *See Lionel*, 44 F. Supp. 3d at 321 (citations omitted).

Plaintiff argues that the photographs of "decaying vegetation" create a genuine issue of material fact as to whether the dangerous condition was present for a significant length of time and would have been remedied prior to the fall if BJ's had exercised reasonable care. Pl.'s Mem. at 3 ("It would appear, however, the condition lasted for longer [than 10 minutes] as the photographs . . . show decaying and discolored vegetation in a wet spot on the floor."). The Court finds this contention to be speculative and unsupported by New York law. It is well-settled that the visible characteristics of rotten, old, or dirty food are insufficient to prove

8

constructive notice. *See Zeller v. Pathmark Stores, Inc.,* No. 00 Civ. 8216 (DLC), 2001 WL 1196196 (S.D.N.Y. Oct. 10, 2001), at * 2 (finding that the "dirty appearance of cold cuts" were not "telltale signs supporting an inference of a long-standing condition");[7] *see also Koser v. Supermarkets Gen. Corp.*, 663 N.Y.S.2d 888, 889 (NY. App. Div. 1997) (holding that the presence of "smashed, 'rotten' fruit" did not "raise a triable issue with respect to notice to the defendants" when the "plaintiff did not see the fruit . . . until after he fell"). Conversely, courts in this district have consistently denied summary judgment where the plaintiffs observed the presence of the dangerous condition prior to falling or presented sufficient evidence "supporting an inference of a long-standing condition." *See Figueroa v. Pathmark Stores, Inc*., No. 02 Civ. 4992 (THK), 2004 WL 74261 (S.D.N.Y. Jan. 15, 2004), at *3–4 (finding that a triable issue of fact existed regarding constructive notice when the plaintiff, after falling, "observed a trail of pink liquid leading from the front of the store through the checkout area with shopping cart tracks and footprints through it"); *see also Alexander v. Marriot Int'l, Inc*., No. 01 Civ. 1124 (LMM), 2002 WL 1492125 (S.D.N.Y. July 11, 2002), at *4 (denying summary judgment when plaintiff saw defendant's "employees near a puddle of water, with no caution signs or barricades around it, in the area where plaintiff fell twenty minutes before the accident"). However, such facts are not present here. Accordingly, Plaintiff cannot rely solely on the photographs showing the condition of the produce, without more, to demonstrate that the dangerous condition existed for a sufficient length of time.

As a final matter, Plaintiff argues that BJ's lack of specific evidence and documentation regarding its cleaning and maintenance practices creates a triable issue of fact. Pl.'s Mem. at 3. This argument, however, incorrectly shifts the burden of proof at the summary judgment stage to

---

[7] Similar to the facts here, the plaintiff in *Zeller* did not observe the dangerous condition prior to falling. *See id*.

the Defendant.[8] As previously stated, Defendant is only required to demonstrate that Plaintiff lacks affirmative proof to demonstrate that there exists a genuine issue of material fact regarding constructive notice of the dangerous condition. *See Vasquez*, 2016 WL 315879 at *8. The burden then shifts to the Plaintiff to "come forward with admissible evidence sufficient to raise a genuine issue of fact." *Saenger*, 706 F. Supp. 2d at 504 (citing *Jaramillo*, 536 F.3d at 145). Here, by merely relying on the absence of written maintenance policies and lack of BJ's employees in the subject area prior to the incident, Plaintiff has not met that burden.

Drawing all inferences in Plaintiff's favor, the Court finds that a reasonable jury could not conclude that BJ's had constructive notice of the condition that caused Plaintiff's slip-and-fall. Without constructive notice, Plaintiff cannot make out a *prima facie* case of negligence.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the motion (Doc. 57) and close the case.

SO ORDERED.

Dated:  May 3, 2018.
        New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.

---

[8] The cases cited in Plaintiff's Opposition in support of this contention are New York state court cases that follow a different procedural burden of proof at the summary judgment stage than is followed in federal court.

10